## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RON GILLETT AND | ) | |
| RHONDA JEAN GILLETT, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. CIV-11-1216-M |
| | ) | |
| -vs- | ) | |
| | ) | |
| BUNN-O-MATIC CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

### PROTECTIVE ORDER

IT IS HEREBY ORDERED that with regard to material disclosed in the course of the above-captioned lawsuit by the parties which constitutes "Protected Documents," the following procedures shall govern:

1. The term "Protected Documents" as used herein is defined as the documents produced by a party and marked as "Confidential Material."

2. Protected Documents shall not be disclosed to any person except: (a) counsel for a party to this litigation and his/her/their paralegal, secretarial and/or clerical employees who are actively engaged in assisting counsel in the preparation of this litigation; (b) actual or proposed expert witnesses and other experts or consultants of a party designated as an expert in connection with this litigation; (c) parties to this litigation; (d) insurance company representatives associated with insurance companies providing a defense for claims asserted and/or possible insurance coverage for judgments rendered in this lawsuit; (e) court reporters

and persons preparing transcripts of testimony or exhibits or making photocopies thereof, to the extent necessary to prepare such transcripts, exhibits or photocopies; provided, however, that counsel for the party making such disclosure is obligated to notify such persons that such Protected Documents are confidential and subject to this Protective Order and such person takes reasonable steps to preserve the confidentiality of such documents; and (f) the Court.

    3.    The following shall govern all Protected Documents:

    (a)    All Protected Documents and the information contained therein shall be treated as confidential by the persons specified herein, who shall not permit disclosure of any such documents, their contents, or any portion thereof; provided, however, that nothing herein shall prevent counsel from exhibiting such documents or disclosing the information contained therein to court personnel during the course of trial of this litigation, to persons who have prepared or assisted in the preparation of the Protected Documents and to persons to whom the Protected Documents, or copies thereof, were previously addressed or delivered.  All such persons shall be bound by the provisions of this Protective Order and shall not permit disclosure of the Protected Documents or the information contained therein other than pursuant to the terms of this Protective Order unless modified by good cause shown and upon further Order of the Court.

    (b)    In the event that a party wishes to use the Protected Documents and/or any confidential information relating to said documents in any affidavits, briefs,

memoranda of law, or other papers filed in court in this litigation, such confidential information used therein shall be marked "Confidential Material" and shall be maintained under seal by this Court.

 (c) When information is disclosed at deposition(s) relating to the Protected Documents, those portions of such deposition(s) shall be designated as "confidential" by indicating on the record after the deposition that the testimony is confidential and subject to the provisions of this Protective Order.

 (d) The Clerk of this Court is directed to maintain under seal all Protected Documents which have been so designated, in whole or in part, as confidential by a party to this action.

 (e) Upon settlement or final judgment following appeal, if any, all copies of Protected Documents in the possession of counsel or any other persons provided access to said documents under this Protective Order shall be, upon written request by counsel for the producing party, returned to the individual who produced the Protected Documents.

 (f) Upon settlement or final judgment following appeal, if any, all copies of Protected Documents introduced into evidence in the subject action may be withdrawn from evidence and returned to the individual who produced the Protected Documents.

 (g) All Protected Documents shall be used solely for the purpose of pretrial

discovery and trial in this litigation. Without limiting the foregoing, Protected Documents and the information contained therein may not be used outside of the instant litigation or by the opposing party or any third party for any business or competitive purpose whatsoever. The provisions of this Protective Order shall survive and remain in force during the pendency of this litigation and thereafter.

4. After the conclusion of this litigation, counsel and all other persons to whom Protected Documents have been disclosed shall not disclose or communicate to or discuss with any other person any portions of such Protected Documents.

5. This Court retains jurisdiction, both before and after the entry of final judgment in this case (whether by settlement or litigation), to construe, enforce and amend the provisions of this Protective Order.

IT IS SO ORDERED THIS 28th DAY OF MARCH, 2012.

*[signature]*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE